IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT DREW, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) No. 3:05-0036 |
| | ) Judge Echols |
| TONY PARKER, WARDEN, | ) |
| | ) |
|     Respondent. | ) |
| | ) |

## ORDER

Presently pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Docket Entry No. 13), to which Petitioner has filed Objections (Docket Entry No. 14). The Magistrate Judge recommends that Respondent's Motion for Summary Judgment (Docket Entry No. 8) be GRANTED and Petitioner's case be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, the Court is required to review the Magistrate Judge's recommendations de novo. The Court may "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with further instructions." Fed. R. Civ. P. 72(b).

After thoroughly reviewing the record in this case, including the Magistrate Judge's R&R and the objections filed thereto, the Court hereby ADOPTS AS MODIFIED the Magistrate Judge's R&R. While the Court agrees with the analysis and recommendation of the Magistrate Judge, the Court finds it appropriate to supplement the

1

Magistrate Judge's analysis of Petitioner's first and third claims for relief.

**Claim One:  Impermissibly Suggestive Identification Procedure**

In his petition for habeas corpus relief, Petitioner first contends that he was subjected to an impermissibly suggestive identification procedure, a "showup".[1]  Petitioner attempted to suppress the identification during his trial and failed.  The state appellate court affirmed the trial court's denial of the defendant's suppression motion, finding that although the showup identification of the defendant was "inherently suggestive," it was not "unnecessarily or impermissibly suggestive" because (1) both witnesses had ample opportunity to view the defendant; (2) one of the witnesses even had a conversation with the defendant earlier in the day; (3) both witnesses gave the police descriptions of the perpetrator prior to the showup which matched the defendant; (4) both witnesses positively identified the defendant as the perpetrator during the showup; (5) neither witness wavered in her testimony during trial, even on cross-examination; and (6) the showup during which the witnesses identified the defendant occurred only a couple of hours after the crime occurred. State of Tennessee v. Drew, 2001 WL 1028821, *3 (Tenn. Crim. App. Sept. 7, 2001).

Although a showup may be suggestive, it may satisfy due process as reliable and admissible if the totality of the circumstances so warrant.  State of Tennessee v. Brown, 795 S.W.2d 689, 694 (Tenn. Crim. App. 1990)(citing Neil v. Biggers, 409 U.S.

---

[1] On the day of his arrest, two witnesses identified Petitioner, who was sitting alone in the back of a police cruiser.

2

188, 199 (1972)). The five factors to consider when evaluating the propriety of an identification process are: (1) the opportunity the witness had to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty of the witness at the confrontation; and (5) the time between the crime and the confrontation. Id.

The state courts evaluated the eyewitness testimony using the factors set forth in Biggers, and adopted by the Tennessee courts, and determined that given the totality of the circumstances of the showup the identification procedure "clearly satisfied" due process. 2001 WL 1028821, at *3. Petitioner has submitted no evidence persuading the Court that the state courts' findings are either contrary to or an unreasonable application of federal law. Thus, Petitioner is not entitled to habeas corpus relief on this claim.

**Claim Three: Ineffective Assistance of Counsel**

In his third claim for habeas corpus relief, Petitioner contends that his trial attorney was ineffective for failing to substantiate the exact amount of money stolen from the cash register, which led to Petitioner being given a greater sentence. Petitioner raised this issue in his post-conviction petition filed in state court. The post-conviction court credited the testimony of trial counsel, who had been practicing law for twenty-three years at the time of Petitioner's trial, regarding the nature and extent of his investigation into the amount of money stolen from

3

the cash register.[2] The court concluded that trial counsel's performance met constitutional guidelines.

Petitioner appealed that decision. The appellate court affirmed the lower court, agreeing that Petitioner had not met his burden of proving the allegations in his post-conviction petition by clear and convincing evidence. Drew v. State of Tennessee, 2004 WL 1196121, at **2-3 (Tenn. Crim. App. Nov. 15, 2004).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that the deficiency was prejudicial to petitioner's case. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The first element of the Strickland analysis requires the petitioner to show that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. The second element requires that the petitioner show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. See id. The Supreme Court has cautioned, however, that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

---

[2] Trial counsel testified that he attempted to verify Petitioner's claim that he had earned the money found on his person at the time of his arrest by shining shoes. Trial counsel interviewed two employees of the Department of Correction, both of whom informed him that inmates were prohibited from carrying such sums of cash. He met with Petitioner at least forty times, discussing all potential defenses. Drew v. State of Tennessee, 2004 WL 1196121, at *2 (Tenn. Crim. App. Nov. 15, 2004).

4

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u>

Based on the record before it, the Court agrees with the state courts that Petitioner received competent assistance of counsel. Thus, the state courts' findings are neither contrary to or an unreasonable application of federal law. Petitioner is not entitled to habeas corpus relief on this claim.

For the foregoing reasons, the Objections are OVERRULED and the R&R is hereby ADOPTED AND APPROVED AS MODIFIED. Therefore, this case is hereby DISMISSED WITH PREJUDICE.

Because Petitioner has not made a substantial showing of a denial of a constitutional right and cannot demonstrate that reasonable jurists would find the Court's decision debatable or wrong, a Certificate of Appealability will not issue. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE